IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA RUIZ-MEZA,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | NO. 1:06-CR-315-AWI<br><br>ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255<br><br>(Documents #96 and #97) |

  Petitioner Silvia Ruiz-Meza ("Petitioner") is a federal prisoner and proceeds pro se and seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). On December 10, 2007, Petitioner entered a plea of guilty to Count I-Conspiracy to Distribute Methamphetamine. Petitioner appears to be arguing that she is entitled to credit against her sentence for time spent in county jail. The court construes Petitioner's claim as one challenging the manner in which her sentence was executed (i.e. the computation of her sentence time) as opposed to a sentencing error.

  The court dismisses Petitioner's Section 2255 petition for lack of jurisdiction because a computation claim may not be brought pursuant to Section 2255. See Section 2255. Under Section 2255, a prisoner may only move the court, which sentenced him or her to vacate, set aside, or correct the sentence. Moreover, the Supreme Court has clearly stated that a district court cannot calculate the amount of credit for prior detention at sentencing. See United States v. Wilson, 503 U.S. 329, 332-36 (1992). A petition that challenges the execution of a sentence

must be brought pursuant to Section 2241 in the custodial court.  See Section 2241; see also Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.").  Petitioner has indicated in her Section 2255 petition that she is in custody at the Federal Correctional Institution in Dublin, California.  This court does not have jurisdiction because the Federal Correctional Institution in Dublin is not located within the jurisdiction of the Eastern District of California.  Rather, the Federal Correctional Institution in Dublin is located in the Northern District of California.  Therefore, Petitioner must file a Section 2241 petition in the district court in the district where the Petitioner is confined.[1]  Accordingly, the court dismisses Petitioner's Section 2255 petition.

**ORDER**

For the reasons set forth above, this court orders the following:

1. Petitioner's Section 2255 petition is dismissed;
2. Clerk of the Court is ordered to close this case.

IT IS SO ORDERED.

Dated:   July 17, 2009                        /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Additionally, Petitioner is required to first exhaust all administrative remedies before filing a Section 2241 habeas petition.  See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Brooks v. Rios, No. 09-CV-39, 2009 WL 1884144, *2 (E.D. Cal. June 30, 2009).  Here it is unclear to the court, whether Petitioner has fulfilled the exhaustion requirement.